UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

RICHARD E. DAUGHERTY, )
)
        Petitioner, )
)
        v. )    No. 2:25-cv-00651-JPH-MKK
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

**ORDER DENYING 28 U.S.C. § 2255 MOTION AS UNTIMELY**

In December 2025, Petitioner Richard Daugherty filed a motion to vacate his conviction and sentence for possession of a prohibited object by a prison inmate in *United States v. Daugherty*, No. 2:19-cr-7-JPH-CMM (S.D. Ind.). Dkt. 1. The Court construed the motion as seeking relief under 28 U.S.C. § 2255 and ordered Mr. Daugherty to show cause why it should not be dismissed as untimely under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See id.*; dkt. 3. Mr. Daugherty responded, arguing that the limitation period should be equitably tolled because his attorney failed to challenge the validity of the indictment in his criminal case. Dkt. 7; *see* dkt. 6.

Mr. Daugherty's motion for relief under § 2255 has a one-year statute of limitation, which "run[s] from the latest of":

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

1

> removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Mr. Daugherty pleaded guilty and was sentenced in December 2019. *Daugherty*, No. 2:19-cr-7, dkt. 26. He did not appeal, so his conviction became final fourteen days after the December 9, 2019 judgment. *Id.* at dkt. 26; dkt. 27 (judgment); *see Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013) ("[T]he sentence did not become final until the deadline for filing a notice of appeal expired."). Mr. Daugherty's § 2255 motion was therefore filed more than one year after his conviction became final and he does not allege or argue in his show cause responses that his motion is timely under another provision of § 2255(f). Dkt. 1; dkt. 6; dkt. 7.

The limitation period can be equitably tolled. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). But equitable tolling "is rare and reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Id.* at 340. Mr. Daugherty argues in his show cause response that equitable tolling should apply because his attorney did not challenge the indictment in his criminal case. Dkt. 7. But "incorrect legal advice" or "[a] lawyer's ineptitude does not support equitable tolling." *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021); *see Lombardo v. United States*, 860

F.3d 547, 552 (7th Cir. 2017).  Indeed, in *Ademiju*, there was "no question that Ademiju's counsel at sentencing was wrong about how the sentence would affect Ademiju's immigration status," but that did not prevent Mr. Ademiju from timely filing a § 2255 motion, so equitable tolling did not apply.  999 F.3d at 477–78; *accord Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018) (explaining that for equitable tolling, "mere conclusory allegations of diligence are insufficient and reasonable effort throughout the limitations period is required).  Similarly here, Mr. Daugherty does not explain why he was prevented from filing his § 2255 motion sooner.  *See* dkt. 6; dkt. 7.

Mr. Daugherty's § 2255 motion is therefore **DENIED** as untimely.  Dkt. 1. The Court also denies a certificate of appealability.  A § 2255 petitioner may not appeal the denial of a habeas petition without a certificate of appealability, which requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253; *see Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003).  Under Rule 11(a) of the Rules Governing § 2255 proceedings, the Court finds that Mr. Daugherty has not shown "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014).

This case is **DISMISSED with prejudice**.  Dkt. 1.  Final judgment will issue by separate entry.  The **Clerk shall docket** a copy of this order in Mr. Daugherty's criminal case, No. 2:19-cr-7, and terminate the § 2255 motion in that case.  Dkt. [34].

**SO ORDERED.**

Date: 4/16/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RICHARD E. DAUGHERTY
76578-061
COLEMAN - I USP
COLEMAN I U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1033
COLEMAN, FL 33521